HURST *vs.* WALLACE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where slaves are put on board of a steamboat by a person who assumes to be their owner, and who accompanies them to their place of destination, no responsibility attaches to the captain.

Whether the captain would be liable, where the slaves are put on board, but not accompanied by the person assuming the ownership, without proof of criminality, or gross negligence.—*Quere?*

*Buchanan*, for appellants.

1. The evidence for the defendant, to which exception was taken, was improperly admitted.

2. The allegations of petition as regards the abduction of slaves, and the damages claimed therefor, are made out by proof.

3. The defendant, as master of the steamboat, on board of which the slaves were carried away, is, by law, liable for the damages occasioned by their abduction, in consequence of not having complied with the requisitions of an act of 1816, entitled "An act to take the most effectual measures in order to prevent the transportation or carrying away of slaves out of this state, against the will of their owners, and for other purposes."

*Worthington*, for appellee.

The judgment conforms to the justice of the case, and is consistent with the evidence.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

In this case, the plaintiff claims damages, which he alleges that he suffered by the misconduct of the defendant, (who

was master of the steamboat Hercules,) by receiving on board said boat and carrying to Louisville, in Kentucky, two slaves, the property of the petitioner.

Reliance for a recovery of the damages claimed, is placed solely on the provisions of an act of the legislature, passed in 1816, to be found in the printed laws of that year, at page eight. The third and fourth sections of this act, are those cited by the plaintiff in support of his claim. The first of these sections prohibits masters or commanders of ships, and other vessels and water crafts, from carrying out of this state any free persons of color, without filing evidence in the office of the mayor of New-Orleans, or in that of some parish judge, as the case may require, of the freedom of the person about to be transported. And in cases where slaves are to be carried out of the state, written permissions of the owners are required to be filed in like manner. The fourth section fixes the amount of penalty for a violation of the act, and establishes the right of persons injured to recover damages, &c.

The court below rendered judgment in favor of the defendant, from which the plaintiff appealed.

The evidence of the case shows, that the slaves in question were put on board the boat by a person who assumed to be their owner, and who went with them in the boat. No proof seems to have been adduced to authorise a belief, that the master acted in any manner criminally, or was grossly negligent in his conduct in receiving the slaves and pretended owner on board his boat, and carrying them to their place of destination. Unless the statute must be so construed as to prohibit commanders of vessels from carrying slaves and their owners, together, out of the state, without pursuing the formalities required by it, in relation to free persons of color, or slaves, who may be permitted to be taken away. We are of opinion, that neither the letter nor the spirit of the law imposes such duty on a master of a vessel, when the owner puts his slaves on board and goes with them. Perhaps, not even in a case when they were put on board without being accompanied by a person assuming a right of ownership, where no proof was made of criminality, or gross negli-

*Where slaves are put on board of a steamboat by a person who assumes to be their owner, and who accompanies them to their place of destination, no responsibility attaches to the captain.*

*Whether the captain would be liable where the slaves were put on board, but not accompanied by the person assuming the ownership, without proof of criminality or gross negligence, Quere?*

EASTERN DIS.
*February,* 1833.

gence, on the part of the commander. The evidence shows, in the present case, that the plaintiff has received injury and suffered loss; but the loss, or damage, was occasioned solely by the criminal conduct of the pretended owner. To give the construction to the act contended for by the counsel for the appellant, would be to make an innocent man responsible for the offence committed by the guilty, contrary to all sound principles of morality and law.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.